Irving L. Berg (SBN 36273)
IRVING L. BERG, ATTORNEY AT LAW
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED LEWIS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>RJM ACQUISITIONS LLC,<br><br>　　　　　　　　Defendant. | Case No.: C 08-02297 MMC<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT TO RECOVER STATUTORY DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**JURY DEMAND** |

## I. INTRODUCTION

1.　In this action, Plaintiff challenges Defendant's practice of sending to California consumers collection letters that are false, deceptive, and misleading, thereby violating the anti-deception provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, *et seq*.

Firstly, the collection letters fail to comply with the notice requirements of reporting negative credit information to credit reporting agencies. Secondly, the collection letter fails to disclose to the least sophisticated consumer that payment of the debt with a credit card will renew the original debt that is time-barred from collection in California courts.

Plaintiff seeks statutory damages for the class of a sum not to exceed the lesser of $500,000 or 1 per centum of the net worth of the Defendant, a sum of $1,000 for the Plaintiff, attorney's fees, and costs.

## II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 & 1337.

3.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.    Plaintiff, FRED LEWIS ("Mr. Lewis"), is an adult male who resides at 5360 Fulton Street, San Francisco, California.

5.    Defendant, RJM ACQUISITIONS LLC ("RJM"), is a business entity engaged in debt collection that has a principal place of business located at 575 Underhill Blvd., Suite 224, Syosset, NY 11791-3411.  Defendant RJM is a debt collector pursuant to the provisions of 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6.    In February, 1992, Mr. Lewis opened an account with HSBC Gold Mastercard for the purchase of goods and services for his personal needs.

7.    Mr. Lewis was unable to pay the credit card debt, and last paid sometime in April, 2003.

8.    Sometime thereafter, Defendant RJM bought Plaintiff's debt, and thousands of other debts like Plaintiff's debt, for pennies on the dollar, from HSBC and others.

9.    On January 14, 2008, Mr. Lewis received from Defendant RJM the attached two-sided letter, Exhibits A and B.

10.    The letter was a form letter, as shown by the form number at the lower right of Exhibit A.

11.    The same or similar letters were sent to more than 40 California consumers.

12.    The collection letter states, *inter alia*"

> As required by law, we are informing you that we have submitted negative information regarding this account to TransUnion and Experian.

13.    Both California and federal law require a creditor to notify a consumer of its

intention to submit negative credit information to a consumer reporting agency.

14. On information, Plaintiff alleges that the original creditor made a negative credit report to the credit bureau and gave the consumer notice of its intention to file a negative report.

15. The law does not require a creditor to give additional notice of the reporting of negative information to a credit bureau.

16. Further, the law does not require Defendant to inform the consumer that it has submitted a negative credit report.

17. The collection letter, after its false, deceptive and misleading statement regarding the credit report, follows with three settlement "opportunities."

18. The settlement opportunities are purported to settle the debt incurred to HSBC in 1992. However, the consumer paying by credit card is told that by using a "credit card option" the consumer is entering into a new loan agreement with Defendant replacing any other agreement with regard to the account.

19. The Defendant fails to disclose that payment with the credit card will renew the original debt that is time-barred from enforcement in California courts.

20. At all times relevant hereto, the unlawful conduct of the Defendant, as well as that of its agents, servants and/or employees, did not result from an isolated or solitary instance of human error, but rather was willful, intentional, in reckless disregard of the FDCPA, and consistent with Defendant's corporate policy.

## V. CLASS ALLEGATIONS

21. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the State of California during the one-year period prior to the filing of the original Complaint and up through the time of judgment of this action who: (a) received the two-sided letter attached hereto as Exhibits A and B.

22. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers is in the thousands.

23. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether the Defendant violated the FDCPA by sending a collection letter that violates the anti-deception provision of the FDCPA, i.e., 15 U.S.C. § 1692e, *et seq*.

24. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

25. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has retained counsel highly experienced in class action litigation to prosecute his claims and those of the Class.

26. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

28. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

### VI. CLAIM FOR RELIEF

(Violation of the FDCPA)

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth

at length herein.

30. Pursuant to 15 U.S.C. § 1692k, Defendant is liable for violating the FDCPA by engaging in the following conduct violative of 15 U.S.C. § 1692e, *et seq.*

   A. using false, deceptive, and misleading representations regarding the legal requirement for reporting negative credit information to a credit bureau;

   B. Using false representations as to the legal requirement to inform consumers that it has submitted negative information regarding the account;

   C. failing to provide the least sophisticated consumer with notice that paying with a credit card would renew a time-barred debt.

31. Due to Defendant's violation of the FDCPA, Plaintiff is entitled to damages not to exceed $1,000, and the Class is entitled to statutory damages in the amount of the lesser of $500,000 or 1% of the Defendant's net worth.

## VII. JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following:

   A. Statutory damages in the amount of the lesser of $500,000 or 1% of Defendant's net worth;

   B. Statutory damages in favor of Plaintiff not to exceed $1,000;

   C. Costs and reasonable attorneys' fees pursuant to section 15 U.S.C. § 1692k(a)(3) of the FDCPA.

   D. Such other and further relief as may be necessary, just and proper.

Dated:  6/14/97

Irving L. Berg
ATTORNEY FOR PLAINTIFF